February 19, 1912.

———o———

5407.

(Court of Appeal, Parish of Orleans.)

## IN RE QUAKER REALTY CO., LTD., PRAYING FOR CONFIRMATION, ETC.

The proper judgment is one of non-suit, where plaintiff's failure to establish its claim is probably due to its misapprehension as to the effect of the pleadings and proof.

Appeal rom the Civil District Court, Division "B"

W. W. Wall, attorney for appellee

Loys Charbonnet, for appellant.

H. B. McMurray, Curator ad Hoc.

Albert Voorhies, attorney.

M. S. Dreifus, Curator ad Hoc.

GODCHAUX, J.—In this suit instituted to confirm title under Act 101 of 1898 and Article 233 of the Constitution of 1898, the Quaker Realty Company, Limited, plaintiff, secured judgment against the numerous parties made defendant; and of the latter, Julius Villio and the Progressive Realty Company alone prosecute this appeal.

The allegations and prayer of plaintiff's petition describe the property as Lots 17 and 18, having a frontage of 57 feet on **Elmira Street**, in square 657, which is bounded by Desire, Elmira, Claiborne and Robertson Streets.

In the deeds forming plaintiff's chain of title, namely, the respective deeds from the tax collector to the State, from the State to the Aztec Land Company, Limited, and from the latter to plaintiff, the description is the same as above except that the lots are described as fronting on **Marais Street**.

In the judgment appealed from the description is likewise identical except that the lots in question are described as fronting on **Desire Street**.

The record does not disclose under what description the property was assessed and subsequently advertised on the occasion of the tax sale to the State, for neither the assessment nor the advertisement were offered in evidence. In fact the only evidence offered upon this subject was a "sketch" of the square which the attorney for plaintiff stated he had compiled from the descriptions contained in the assessment rolls and even this

sketch does not appear to have been filed in these proceedings. Moreover its offer in evidence was objected to as being informal and irrelevant and the objection should have been sustained.

The situation therefore is that without any allegation or proof of error as to the description and without the record disclosing the true location of the lots, or whether or not they in fact were situated in the square described, the judgment confirms plaintiff's title to them as fronting on a street other that what he alleges or what the proof justifies.

It may be true that lots 17 and 18 front on Desire Street, and were in fact assessed, advertised and sold for taxes to the State and further that they were subsequently acquired by plaintiff by mesne conveyances from the State, but neither the pleadings nor the proof justify such a conclusion. As to the defendants who have not appealed the judgment cannot be disturbed but as to the appellants it must be reversed. The proper judgment is one of non-suit, as plaintiff's failure to establish its claim was probably due to a misapprehension of the effect of its pleadings and proof.

Accordingly, the judgment appealed from is reversed in so far as it affects the appellants, Julius Villio and the Progressive Realty Company, and it is now adjudged and decreed that as to them plaintiff's suit be dismissed as non-suit at its cost in both Courts.

Reversed.

St. Paul, J., takes no part.